﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/24/19

DOCKET NO. 190326-6679
DATE: July 25, 2019

REMANDED

Entitlement to service connection for a cervical spine condition (claimed as cervical spine pain) is remanded.

REASONS FOR REMAND

The Veteran had active duty service in the United States Marine Corps from January 1959 to September 1968 including service in the Republic of Vietnam. 

This matter is before the Board of Veterans’ Appeals (Board) on appeal from the March 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO) denying the Veteran’s claim for entitlement to service connection for a cervical spine condition (claimed as cervical spine pain) as a result of exposure to herbicides.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

In March 2019, the Veteran appealed the March 2019 RO decision directly to the Board, electing the “direct review” process. Based on the Veteran’s choice to pursue a direct review of his appeal, the Board will decide the appeal “based on the evidence of record at the time of the prior decision” and no additionally submitted evidence may be considered.

This appeal has been advanced on the Board’s docket pursuant to 38 U.S.C. § 7107(a)(2) (2012); 38 C.F.R. § 20.900(c) (2018).

Entitlement to service connection for a cervical spine condition (claimed as cervical spine pain)

In December 2018, the Veteran submitted a claim for service connection for a heart condition, PTSD, kidney condition, speech condition, bilateral neuropathy legs, cervical spine disability with an annotation of “Agent Orange.” See VA Form 21-523EZ, December 2018. Accordingly, the March 2019 rating decision denied service connection for a cervical spine condition due to exposure to herbicides.

The Veteran asserts that his cervical spine condition is a result of a fall which occurred during service ultimately resulting in cervical spine surgery and the need for a walker. See notice of disagreement (NOD), March 2019; see also Appellate Brief, June 2019. The Board may not consider this lay evidence as it was not of record and considered by the RO at the time of the March 2019 decision. 

However, even if a veteran is not entitled to presumptive service connection for a disease claimed as secondary to herbicide exposure, VA must also consider the claim on a direct service-connection basis. See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

The Veteran’s service personnel and treatment records were considered by the RO. In 1959 and 1960, the Veteran had excision and drainage of boils on his neck. In September 1962, the Veteran sustained a head laceration in a motor vehicle accident. In April 1965, the Veteran fell in the shower and hit his head sustaining a possible concussion. 

VA must provide a medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran’s service or with another service-connected disability, but (4) there is insufficient competent medical evidence on file for the Secretary to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006); see also 38 U.S.C.A. § 5103A(d)(2), 38 C.F.R. § 3.159(c)(4)(i). The third prong, which requires that the evidence of record “indicate” that the claimed disability or symptoms “may be” associated with the established event, is a low threshold. McLendon, 20 Vet. App. at 83.

Here, the requirements for an examination to satisfy the duty of assist are met. The Veteran has not been afforded a VA examination for this issue. The Board finds that a VA examination and opinion is warranted, as outlined further in the remand directives below.

The matter is REMANDED for the following action:

1. The Veteran must be afforded an appropriate VA examination to determine the nature and etiology of any currently diagnosed cervical spine condition. All pertinent symptomatology and findings must be reported in detail and any indicated diagnostic tests and studies must be accomplished. The claims file and a copy of this REMAND must be made available to the examiner, and the examiner must specify in the examination report that these records have been reviewed. 

After a review of the evidence of record, to include the Veteran’s statements, the examiner must provide an opinion as to whether it is at least as likely as not that the currently diagnosed cervical spine condition is caused by any aspect of service including injuries shown in the service treatment records. 

The term “at least as likely as not” does not mean “within the realm of medical possibility.” Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of the conclusion (e.g., diagnosis, etiology) as it is to find against the conclusion.

All opinions must be supported by a clear rationale and the examiner must address any conflicting medical opinions.

In rendering these opinions, the reviewing examiner is advised that the Veteran is competent to report his symptoms and history. If an opinion cannot be provided without resorting to mere speculation, the reviewing clinician must provide a complete explanation for why an opinion cannot be rendered.

(Continued on the next page)

 

2. If the benefit sought on appeal is not granted in full, issue a supplemental statement of the case (SSOC) to the Veteran and his representative and return the appeal to the Board, if otherwise in order.

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Camille NeSmith

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.